Filed 7/15/15  R.E.F.S., Inc. v. Williams CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| R.E.F.S., INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>G. GREGORY WILLIAMS et al.,<br><br>　　　　　Defendants and Appellants,<br><br>ELI LEVI,<br><br>　　　　　Defendant and Respondent. | B256426<br><br>(Los Angeles County<br>Super. Ct. No. BS084615) |

　　　　APPEAL from orders of the Superior Court of Los Angeles County, Mark A. Borenstein, Judge.  Dismissed.

　　　　G. Gregory Williams and Plernpit Polpantu, in pro. per., for Defendants and Appellants.

　　　　Christie Gaumer for Defendant and Respondent.

_____

Appellants G. Gregory Williams and Plernpit Polpantu purport to appeal from an April 29, 2014 order releasing funds deposited with the court to respondent Eli Levi and a May 8, 2014 order denying appellants' ex-parte application to vacate the April 29, 2014 order. We dismiss the appeal as premature because the May 8, 2014 order granted appellants the relief they sought: it stayed release of the funds until further court order and provided for a noticed hearing on appellants' motion to vacate the April 29, 2014 order, thus turning the earlier order into a nonappealable interlocutory order.

## FACTUAL AND PROCEDURAL SUMMARY

This appeal is the most recent installment in a long-lasting dispute arising from the foreclosure sale of appellants' condominium. The dispute has engendered many federal and state court proceedings. We borrow the relevant portions of its history from our opinion in *Levi v. Williams* (June 25, 2009, No. B207734 [nonpub. opn.]).

"Williams, who purchased the condominium in 1995, transferred title to his fiancée, P. Toi Polpantu, by a deed recorded on April 21, 1999. However, by a quitclaim deed that was also dated April 21, 1999, but was not recorded, Polpantu transferred title back to Williams.

"Williams and Polpantu were living in the condominium when the condominium association served notice of an April 3, 2003 foreclosure sale for Polpantu's nonpayment of approximately $11,000 in association fees. Two days before the foreclosure sale, Williams filed his April 1, 2003 bankruptcy petition, but the petition did not disclose his interest in the condominium. When the April 3, 2003 foreclosure sale was held, Polpantu, not Williams, was the owner of record title. Levi purchased the condominium at the foreclosure sale for $215,000. One day after the foreclosure sale, Williams recorded the previously unrecorded April 21, 1999 quitclaim deed from Polpantu."

Afterwards, the bankruptcy court "retroactively annulled the automatic stay to the date of Williams's . . . April 1, 2003 bankruptcy petition, thereby precluding Williams from attacking the April 3, 2003 foreclosure sale on the ground that the sale was conducted in violation of the automatic stay." The bankruptcy court's ruling was

2

affirmed by the Ninth Circuit Court of Appeals. Levi was granted a writ of possession in an unlawful detainer action, and appellants were evicted in late February 2004, ten months after the foreclosure sale.

In 2008, after many procedural complications, Levi obtained a default judgment, in which "(1) title to the condominium was quieted in favor of Levi and against Polpantu and Williams; (2) the quitclaim deed from Polpantu to Williams was cancelled and removed from the real property records; (3) the lis pendens recorded by Williams against the property was expunged; (4) record title to the property was perfected in favor of Levi; (5) Levi was awarded $256,639.12 in damages against Polpantu and Williams, jointly and severally, consisting of $30,550 in lost rents, $44,400.91 for waste, and $181,688.21 in lost profits; and (6) Levi was awarded costs and postjudgment interest." We affirmed that judgment in *Levi v. Williams*, *supra*.

As relevant to the current appeal, the foreclosure trustee, R.E.F.S., Inc., filed a "Petition and Declaration Regarding Unresolved Claims and Deposit of Undistributed Surplus Proceeds" from the sale in the amount of $198,825. (Civ. Code, § 2924j.) Appellants and respondent made claims to the funds, but no action to release them was taken until 2014, when respondent applied ex-parte for their release. On March 26, 2014, Judge Borenstein ordered respondent to serve appellants and issued an order to show cause why the deposited funds should not be released to respondent. On April 3, respondent filed a proof of service, indicating appellants were served by mail at addresses listed in the trustee's petition; one of them was the condominium, where they had not lived for 10 years.

Appellants did not appear at the April 29, 2014 hearing, and Judge Borenstein ordered the funds released to respondent, but also ordered respondent "to make a diligent effort" to serve appellants at their current addresses and to file a declaration as to those efforts within two weeks. On May 8, appellants made an ex-parte application to set aside the distribution order, or in the alternative to stay its enforcement and to set a noticed motion to vacate it. Judge Borenstein granted the motion in part, staying the April 29 order "pending further order of the court" and setting a hearing on appellants' motion to

vacate the order for July 18, 2014. The May 8 order was later corrected nunc pro tunc to require that the funds transferred to the client trust account of respondent's counsel should remain there until further court order. The order also directed that respondent's attorney mail appellants the deposit check and all moving papers regarding the distribution order.

Appellants filed their notice of appeal from the April 29 and May 8 orders on May 12.

On May 14, 2014, Judge Borenstein accepted the peremptory challenge Williams had filed against him on May 8. (Code Civ. Proc., § 170.6.) The case was then reassigned to Judge Mary H. Strobel. The July 18 hearing was advanced and vacated and was to be "reserved and re-noticed for the new designated court by the moving party." Subsequent proceedings before Judge Strobel, of which we take judicial notice, indicate that respondent applied ex-parte for distribution of the funds because appellants had not renoticed their motion to vacate the April 29 order. Appellants argued the trial court lacked jurisdiction because of the pending appeal. Judge Strobel denied the ex-parte application and set the matter for a noticed hearing. A noticed motion for distribution was denied on February 4, 2015, and a motion for reconsideration is scheduled to be heard on July 17, 2015.

We issued an order to show cause why the appeal should not be dismissed as premature in light of the pending proceedings in the trial court at the time of filing of the notice of appeal, and why appellants should not be required to make a noticed motion in the trial court to vacate the default distribution order in the first instance. In the opposition to the order to show case, appellants represented that the trial court has stayed the proceedings.

## DISCUSSION

A reviewing court lacks jurisdiction on direct appeal in the absence of an appealable order or judgment. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) Under the "one final judgment" rule, review of intermediate rulings by appeal

4

must await final resolution of the case. (*Id*. at p. 697.) "'[W]here anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties'" following the issuance of an order, the order is merely interlocutory rather than final and appealable. (*Id*. at p. 698.)

Standing on appeal also is a jurisdictional issue, which requires that a party of record be sufficiently aggrieved by a judgment or order, in the sense that the party's rights or interests must be "injuriously affected." (Code Civ. Proc., § 902; *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736–737.) "[I]f the judgment or order is in favor of a party he is not aggrieved and cannot appeal." (*Nevada County Office of Education v. Riles* (1983) 149 Cal.App.3d 767, 779.)

In their opposition to the order to show cause, appellants argue that the April 29, 2014 order releasing the funds to respondent is final and appealable. It is true that a judgment or order resolving priority claims and releasing surplus funds under Civil Code section 2924j may be treated as final and appealable. (See *Wells Fargo Bank v. Neilsen* (2009) 178 Cal.App.4th 602, 608–609; *CTC Real Estate Services v. Lepe* (2006) 140 Cal.App.4th 856, 859–860.) But in this case, it is questionable that the April 29, 2014 order was intended to be a final order because, on its face, it shows Judge Borenstein's concern about the possible lack of proper notice to appellants at their current address. That the order is not final was made clear in the May 8, 2014 order, which stayed the release of funds to respondent until further court order and set appellant's motion to vacate for a noticed hearing. Because the latter order required further judicial action to finally determine the rights of the parties to the funds, it rendered the former order interlocutory rather than final and appealable. (*Griset v. Fair Political Practices Com.*, *supra*, 25 Cal.4th at p. 696.)

Contrary to appellants' contention, the proper procedure to claim funds deposited with the court is not at issue here. Because the funds were ordered released to respondent on April 29, 2014, appellants would need to have that order set aside in the first instance. Their argument that a void order may be set aside on an ex-parte basis is not well taken since Code of Civil Procedure section 473, subdivision (d) requires a noticed motion.

5

(Code Civ. Proc. § 473, subd. (d)) ["The court may, . . . on motion of either party after notice to the other party, set aside any void judgment or order"]; *Schwab v. Southern California Gas Co.* (2004) 114 Cal.App.4th 1308, 1320.)

Appellants contend they were not required to make a further motion to vacate the April 29, 2014 order after the trial court denied their ex-parte application. They apparently assume the denial was on the merits, but nothing in the record indicates the trial court denied the ex-parte application on substantive grounds. To the contrary, the court deferred ruling on the merits by granting appellants the alternative procedural relief they sought—a stay of the April 29 order and a noticed hearing on their motion to vacate that order. Because they had been granted procedural relief from the April 29 order, at the time they filed this appeal appellants were not aggrieved. (*Nevada County Office of Education v. Riles*, *supra*, 149 Cal.App.3d at p. 779.)

In light of the pending proceedings in the trial court when the notice of appeal was filed, the orders from which the appeal was taken were not final. Nor were appellants aggrieved in light of the relief they had been granted. We, therefore, have no jurisdiction over this appeal and must dismiss it.

## DISPOSITION

The appeal is dismissed. The parties shall bear their own costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:



WILLHITE, J.                                    MANELLA, J.


6